## 31034. THE STATE v. BONINI et al.

NICHOLS, Chief Justice.

The defendants were charged with possession of drugs declared to be dangerous under the provisions of Code Ann. § 79A-702 (b) (Ga. L. 1972, pp. 948, 949). This Act provides that drugs listed on an existing list prepared by the State Drug Inspector are declared to be dangerous drugs. It was stipulated that the drugs in question were on the list referred to in the Act when adopted by the legislature. The defendants demurred to the accusation on the grounds that Ga. L. 1972, pp. 948, 949 was unconstitutional as being a delegation of legislative authority to the State Drug Inspector in violation of Art. III, Sec. I, Par. I (Code Ann. § 2-1301) and for vagueness in violation of Art. I, Sec. I, Par. III (Code Ann. § 2-103) of the Constitution.

The trial court sustained the demurrer on the ground that the statute was too vague to inform the defendants of what drugs were prohibited because of the reference to the list as compiled by the State Drug Inspector and in violation of Art. I, Sec. I, Par. III (Code Ann. § 2-103), of the Constitution.

1. The appellees have filed a motion to dismiss the appeal because the order sustaining the demurrer does not show when it was filed in the clerk's office. The order is dated October 31, the certificate of immediate review is dated October 31 and the transcript of the hearing on the demurrer is dated October 31, in which it is recited that the demurrer was sustained. We must assume the written order was filed with the clerk on the same day. The motion to dismiss is denied.

2. In *Johnson v. State,* 227 Ga. 387, 392 (181 SE2d 42) (1971), this court held: " 'When a statute adopts a part or all of another statute, domestic or foreign, general or local, by specific and descriptive reference thereto, the adoption takes the statute as it exists at that time. The subsequent amendment or repeal of the adopted statute or any part thereof has no effect upon the adopting statute.' *Featherstone v. Norman,* [170 Ga. 370, 394 (153 SE 58)]." In *Tischmak v. State,* 133 Ga. App. 534, 535 (211 SE2d 587) (1974), the Court of Appeals held: "An examination

of the regulations of the state board reveals that at the time of the commission of the act in question that the state board had found . . . [a named drug] to be a depressant or stimulant drug within the meaning of the Act. Under the provisions of the Administrative Procedure Act, we take judicial notice of the rules promulgated by the State Board of Pharmacy. Code Ann. § 3A-108 (Ga. L. 1964, pp. 338, 346)." The office of the State Drug Inspector is an office within the State Board of Pharmacy. Any act performed by the State Drug Inspector would be an act of the board of which this court will take judicial notice.

Code Ann. § 3A-107 also requires the Secretary of State to publish all rules adopted by each state agency and subsection (d) provides for the distribution of these publications.

The trial court erred in holding the Act in question unconstitutional as being too vague and indefinite.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 16, 1976 — DECIDED
MAY 18, 1976.

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellant.

*Hatcher, Myerson, Oxford & Irvin, Paul E. Pressley,* for appellees.