## 45557. ROBINSON v. THE STATE.
### (368 SE2d 513)

SMITH, Justice.

The appellant, Henry C. Robinson, was indicted for felony murder, murder, and rape. The trial judge directed a verdict in his favor

on the felony murder count. The jury found him guilty of murder and rape, for which he received consecutive life sentences. We affirm.[1]

The evidence showed that on November 27, 1985, the appellant and the victim walked to several lounges where they drank some beer. After leaving the lounges, the appellant took the victim into an apartment building where, on the landing of the stairwell, he raped and strangled her to death. The victim's body was found partially nude, and sperm was present in her vagina. When the appellant was arrested, the police noticed that he had scratches on one hand, and his shirt was blood-stained.

A pair of eyeglasses was found near the victim's body. Although the appellant admitted that he wore glasses, he asserted that while he was walking with the victim, a stranger wearing glasses approached them and abducted the victim at gunpoint. Also, on either side of the victim's neck, pieces of a broken stick were found. The appellant admitted having a stick, but he insisted that he intended to use it as a defensive weapon against the abductor. He additionally claimed that he called the police from a phone booth near the crime scene. But a police officer testified that while investigating the scene on the night of the murder, he had tried to use the same phone and had discovered that it did not work.

1. The appellant alleges generally that the evidence was insufficient to support the verdict and specifically that the court erred in denying his motion for directed verdict as to the charge of rape. A rational trier of fact could have found the defendant guilty beyond a reasonable doubt of murder and rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends the trial court erred in excusing a juror for cause. One of the jurors stated that he could not render a decision based on the evidence in the case because of his religious beliefs. The trial judge questioned him on this point. "The trial court may, on its own motion, and in the exercise of sound discretion, excuse an incompetent juror at any time before evidence is given." *Norris v. State*, 250 Ga. 38, 39 (295 SE2d 321) (1982). The trial court did not abuse its discretion in excusing the juror.

3. During the state's cross-examination of the appellant, the prosecutor paused to refer to his notes. As he did, the defense attorney requested to consult with the appellant. The court refused counsel's

---

[1] The crime was committed on November 28, 1985. The Chatham County jury returned its verdict of guilty on December 4, 1986. A motion for new trial was filed on December 19, 1986, amended on June 25, 1987, heard and denied on February 17, 1988. Notice of Appeal was filed on February 23, 1988. The transcript of evidence was filed on March 3, 1988. The record was docketed in this court on March 9, 1988. The case was submitted on April 22, 1988.

request, and the prosecutor immediately resumed his questioning. The trial judge allowed counsel to confer with the appellant at the next break. The appellant contends the trial court denied his Sixth Amendment right to counsel when it refused his counsel the opportunity to confer with him during the state's cross-examination.

"[C]ross-examination is a principal means of ascertaining the truth," *Harris v. State*, 257 Ga. 666, 668 (362 SE2d 211) (1987), and in furtherance of this principle, the control and "extent of cross examination is subject to the sound discretion of the trial judge." *Timberlake v. State*, 246 Ga. 488, 498 (271 SE2d 792) (1980). There was neither infringement of the appellant's right to counsel nor abuse of discretion by the trial judge.

4. The appellant asserts that the court erred in charging the jury on voluntary intoxication. He argues that because he did not rely on the defense of involuntary intoxication, charging the jury on voluntary intoxication was prejudicial.

The appellant, however, concedes that he was drinking the night of the rape and murder. The evidence therefore supports the charge, and the charge given was legally correct. *Pope v. State*, 256 Ga. 195, 209 (345 SE2d 831) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 3, 1988.

*Stephen H. Harris,* for appellant.

*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonaro Grant,* for appellee.