## A95A0520. STATE OF GEORGIA v. MONTFORD.
(457 SE2d 229)

SMITH, Judge.

This is an appeal by the State of Georgia from the adverse judgment of the superior court on its complaint for forfeiture of an automobile and other personal property. The items were seized after the discovery of marijuana and cocaine within the vehicle during a traffic stop. OCGA § 16-13-49 et seq.

Pursuant to OCGA § 16-13-49 (n), the State first filed a "notice of seizure of personal property valued at $25,000 or less." The property, which was taken from the possession of appellee Vernon C. Montford, included a 1986 Acura Legend and $715 in cash. Montford filed a notice of claim to the property on May 20, 1994. The State responded by filing a complaint seeking forfeiture of the car and cash, as well as a cellular phone and a pistol. The State then successfully moved to join Montford as a party defendant. Montford answered and a bench trial followed.

The court ruled in favor of Montford, concluding probable cause did not exist to search the vehicle. See OCGA § 16-13-49 (s) (1). This appeal followed.

Montford incorporated the police report into his answer and essentially stipulated the facts contained therein at trial.[1] Moreover, Montford did not argue at trial that he was stopped or detained illegally prior to the time at which a drug dog was walked around his vehicle. Our inquiry therefore does not turn on conflicts in the evidence or the validity of the stop, but simply whether the facts before the court did or did not establish probable cause authorizing a warrantless search of the vehicle. See OCGA § 24-4-24 (b) (7).

Officer Johnny Burnette of the Chamblee Police Department's canine unit pulled Montford over after observing his vehicle cross over the lane divider several times. Burnette asked for Montford's driver's license and proof of insurance. Montford complied, but the insurance card produced belonged to another vehicle. Montford explained that he had just purchased the vehicle and provided papers documenting his purchase of the 1986 Acura Legend a week earlier for $4,500 cash. As Burnette spoke with Montford, Montford became increasingly nervous. Burnette then told Montford he was going to check Montford's driver's license. Burnette walked back to his police unit, where he told a fellow officer, Klerlein, that he believed there were narcotics in the car.

As the two officers stood talking, Montford exited his vehicle and

---

[1] "We don't dispute the facts in the police report. We agree 100 percent with those facts as stated by Officer Burnette in his incident report. So we simply incorporated those facts into the answer."

approached them. Officer Klerlein inquired about the bulge in Montford's pocket, and Montford produced from his pocket a cellular phone. Officer Burnette asked Montford if he had drugs on him, and Montford replied negatively. Burnette then asked if Montford "minded emptying his pockets on the hood of my car," and Montford replied that "he had no problem doing so." Burnette told Montford he did not have to comply, but Montford responded that he "had nothing to hide." Montford then produced from his pockets $715 in "folded up money" and some change. Burnette also observed that Montford was wearing a beeper on his belt or pocket, "a ring on almost all his fingers," and necklaces. Burnette then asked if Montford had any weapons or anything else in his pockets and performed a pat-down to confirm that Montford had no weapons on his person.

At this point, Burnette returned Montford's driver's license and other documentation to him. Burnette then asked Montford whether he could search his vehicle for narcotics. Montford replied he preferred that Burnette not do so because he only wanted to go home. Burnette responded that Montford indeed "had every right to deny a search of his vehicle." Burnette advised Montford he intended "to walk a drug dog around his vehicle to check for narcotics." Montford replied that Burnette should "go ahead and do his job." Burnette then asked if there were narcotics in the vehicle, and Montford replied negatively. Burnette then walked a drug dog around the vehicle, and the dog alerted on the "driver's side passenger door."

At this time, Burnette informed Montford that he was going to "put [the dog] inside the vehicle." Montford asserted that such action would require a search warrant, but Burnette informed him that a warrant was not required "due to the K-9 alert." The search led to the discovery of the pistol at issue, five bags of marijuana, and a bag of powder cocaine. Montford was arrested, and the property at issue here was seized.

1. We find no violation of Montford's constitutional rights occurred at any point in his encounter with Officer Burnette. We may safely accept Montford's contention that the large quantity of cash he was carrying, the unusual amount of jewelry he was wearing, the fact that he was carrying a beeper and cellular phone on his person, the fact that the encounter took place at approximately 1:40 a.m., and the undisputed fact that Montford was "extremely nervous" during the encounter were not in themselves factors establishing probable cause to search his vehicle.[2]

Taken together, however, these indicia were clearly sufficient to

---

[2] As noted above, Montford does not contend that he was being unlawfully detained prior to the time the drug dog was walked around the vehicle; he argues only that during the traffic stop his vehicle was unlawfully searched.

establish a reasonable suspicion that Montford was transporting illegal drugs in his vehicle. Under such circumstances, Burnette was authorized to at least walk the drug dog around Montford's vehicle to see whether the dog detected drug odors emanating from the vehicle. See generally *O'Keefe v. State*, 189 Ga. App. 519, 526 (3) (376 SE2d 406) (1988) ("[U]se of a trained drug detection dog, in a location where he is entitled to be, to sniff the exterior of a container, is not an unreasonable search within the meaning of the Fourth Amendment of the U. S. Constitution or Art. I, Sec. I, Par. XIII, of the Georgia Constitution of 1983."). When the dog alerted for drugs, that factor, combined with the factors prompting the use of the drug dog in the first instance, established probable cause for Officer Burnette to believe Montford was in possession of illegal drugs within his vehicle, authorizing the subsequent search of its interior. See, e.g., *Roundtree v. State*, 213 Ga. App. 793, 794-795 (446 SE2d 204) (1994).

The trial court's decision cannot be reconciled with *O'Keefe* and *Roundtree*, supra, and must therefore be reversed.

2. In light of our holding in Division 1, we find it unnecessary to address the State's remaining enumerations.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED APRIL 11, 1995 —
RECONSIDERATION DENIED APRIL 27, 1995 —

*J. Tom Morgan, District Attorney, Robert W. Gurd, Gregory J. Lohmeier, Desiree S. Peagler, Assistant District Attorneys*, for appellant.

*William T. Payne*, for appellee.