### A99A0704. BROWNING v. THE STATE.

(513 SE2d 779)

BLACKBURN, Judge.

James Franklin Browning appeals his conviction, following a jury trial, for theft by taking, contending (1) that the evidence was insufficient to support the verdict against him and (2) that the trial court erred in denying his motion for a mistrial after the introduction of improper character evidence. For the reasons set forth below, we affirm.

1.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Browning] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

On the morning of March 2, 1997, William Crowder, who was staying at the Downtowner Motor Lodge in Dalton, Georgia, started his car and then returned to his hotel room while the engine warmed up. While Crowder was inside, a man entered Crowder's car and began to drive away. Running outside, Crowder caught a side view of the thief, whom he described as wearing glasses and having a receding hairline. Fanny Higgins, a cleaning lady on duty at the time of the theft, witnessed Browning, who was wearing glasses, leave Room 273 of the motel, enter Crowder's car and drive it away. Renee Barberi, the motel's clerk, confirmed that Room 273 was leased to Browning on the date of the theft. Later that day, Officer Mike Reece arrested Browning for driving under the influence after he discovered him erratically driving Crowder's car in Valdosta. Prior to Reece's discovery of the theft in Dalton, Browning volunteered at the time of his DUI arrest that he did not know that the car was stolen. This evidence was sufficient to support Browning's conviction for the theft of Crowder's car.

2. During trial, Investigator Thomas Phillips inappropriately testified that Browning had been arrested for DUI, thereby placing Browning's character in evidence. Browning immediately moved for a mistrial, which the trial court denied. The trial court then gave the jury curative instructions in which it told the jury not to give any consideration to the DUI charge.

> Whether to grant a mistrial based on improper character evidence is within the discretion of the trial judge. In reviewing the trial court's decision, an appellate court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's action in dealing with the impropriety. We have previously held that curative instructions [are] an adequate remedy when witnesses improperly placed the defendant's character into evidence by testifying about his prior convictions or criminal acts. In this case, the [investigator's] reference to [the DUI charge] appears to be inadvertent and the trial judge promptly instructed the jury to disregard the [investigator's statement]. Under these circumstances, we conclude that the trial court did not abuse its discretion in deciding to give [curative instructions] to the jury rather than grant a mistrial.

(Footnotes omitted.) *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997).

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 11, 1999.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney, Matthew A. Rankin, Assistant District Attorney*, for appellee.