## A02A1596. HAMBY v. THE STATE.
### (570 SE2d 77)

JOHNSON, Presiding Judge.

Following a bench trial, Timothy Hamby was found guilty of three counts of homicide by vehicle in the second degree, and one count each of speeding, driving too fast for conditions, and failing to exercise due care for pedestrians in the roadway. Hamby appeals, arguing the evidence is insufficient to support his convictions, he was denied effective assistance of counsel, and the trial court erred in sentencing him. We find no merit in Hamby's contentions and affirm his convictions.

1. Viewed in a light most favorable to support the factfinder's verdict, the evidence shows that a witness observed Hamby's vehicle strike a 13-year-old victim, who was riding his bike on the road. The witness saw Hamby's vehicle for a distance of 50-75 yards prior to impact and estimated that Hamby was traveling 50-55 mph in the

---

45-mph speed zone. According to the witness, Hamby took no action to avoid the collision and did not brake, slow down, or sound his horn. Hamby stipulated that the victim died as a result of the collision.

The officer who responded to the scene testified that Hamby told the officer he had seen the victim in the roadway when Hamby left his home to go to the store and on his way back from the store. Hamby also told the officer he was driving 60 mph and he knew the speed limit was 45 mph. According to the officer's testimony, Hamby told the officer that he thought the victim was going to go to the left, so he steered his car to the right to go around him and at the last moment the victim cut back to the right into his path.

An accident reconstruction expert testified that Hamby would have had 350 feet of sight distance in which to see the victim and take appropriate action to avoid a collision. He conservatively estimated Hamby's speed at 55-57 mph immediately before the collision.

Hamby contends the evidence was insufficient to support his convictions because the only evidence presented against him was that the vehicle he was driving struck the victim and the victim died as a result of being struck. We disagree. The evidence in the record clearly shows that Hamby was speeding, that he had 350 feet of sight distance in which to see the victim, and that he did not brake, slow down, or sound his horn prior to striking the victim.

OCGA § 40-6-180 mandates that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing." These hazards include pedestrians or other traffic in the roadway.[1] Based on the evidence in the record, the trial judge, as factfinder, was authorized to conclude that Hamby was speeding, driving too fast for conditions, and failed to exercise due care for pedestrians in the roadway. Since these three charges formed the bases of Hamby's three vehicular homicide counts, the trial court was also authorized to conclude that Hamby was guilty of these three counts of vehicular homicide.

2. Hamby contends he was denied effective assistance of counsel because his trial attorney failed to hire a defense expert in collision reconstruction. However, Hamby has failed to provide this Court with a reasonable probability that the result of his trial would have been different had his attorney hired a reconstruction expert.

To establish the prejudicial effect of his trial counsel's failure to present a reconstruction expert, Hamby is required to make an affirmative showing that specifically demonstrates how counsel's

---

[1] See OCGA § 40-6-180.

failure would have affected the outcome of his case.[2] At the hearing on Hamby's motion for new trial, Hamby presented evidence from a reconstruction expert that disputed only his speed at the time of the collision. Yet, Hamby admitted that he was traveling 60 mph prior to the collision, and a witness estimated his speed at 50-55 mph in the 45-mph speed zone. Thus, trial counsel's performance, even if deemed deficient, did not prejudice Hamby's defense.[3]

3. The record shows that the trial court found Hamby guilty of all six counts. However, the trial court sentenced Hamby on only two counts: (1) homicide by vehicle based on failure to exercise due care for pedestrians in the roadway and (2) speeding. Hamby contends the trial court erred in refusing to merge the speeding conviction with the homicide by vehicle conviction which was based on the speeding charge. Given the circumstances of this case, we find no error.

The evidence in this case supports the trial court's finding that the speeding offense had been completed prior to the collision with the victim. Hamby admitted to the officer that he had been speeding, and both the witness and reconstruction expert testified that Hamby was speeding prior to the collision with the victim. Moreover, contrary to Hamby's contention, the evidence supports the finding that Hamby failed to exercise due care for pedestrians in the roadway. The witness testified that Hamby never used his brakes, slowed down, or sounded his horn, and the reconstruction expert testified that Hamby would have had 350 feet of sight distance in which to see the victim and take appropriate action to avoid a collision.

Since speeding was a separate and distinct offense that had already occurred before the offense of failure to exercise due care for pedestrians in the roadway, this evidence permitted the trial court to sentence Hamby on both the homicide offense based on failure to exercise due care for pedestrians and the speeding offense.[4] While the conviction for failure to exercise due care for pedestrians in the roadway merged into the vehicular homicide conviction, the prohibited speeding did not merge as it was not the underlying offense for the vehicular homicide for which Hamby was sentenced. We find no error.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[2] *Ware v. State*, 273 Ga. 16, 17-18 (3) (537 SE2d 657) (2000).

[3] *Higgins v. State*, 251 Ga. App. 175, 178 (3) (554 SE2d 212) (2001).

[4] See *Diamond v. State*, 267 Ga. 249, 251 (3) (b) (477 SE2d 562) (1996); compare *Gilpatrick v. State*, 226 Ga. App. 692 (487 SE2d 461) (1997) (trial court erred in sentencing defendant for the separate offense of speeding since it considered this offense as the direct and proximate cause of the vehicular homicide).

DECIDED AUGUST 7, 2002.

*LaMalva, Read & Oeland, David A. LaMalva, Paul J. Oeland IV,* for appellant.

*W. Kendall Wynne, Jr., District Attorney,* for appellee.