## A02A1731. BAILEY v. THE STATE.
### (576 SE2d 668)

MIKELL, Judge.

After a jury trial, Alfred Bailey was convicted of trafficking in heroin. On appeal, Bailey challenges the sufficiency of the evidence. He also argues that the trial court erred by failing to charge the jury on the state's burden to prove identification, denying his challenge for cause to a juror, and admitting similar transaction evidence. Finally, Bailey contends that his trial counsel was ineffective. For the reasons stated below, we affirm.

"On appeal from a criminal conviction, the evidence must be

---

[9] OCGA § 40-6-392 (a) (4).
[10] See *Morrissette*, supra at 424 (2) (b).

viewed in the light most favorable to support the verdict, and [Bailey] no longer enjoys a presumption of innocence."[1] Further, "[w]e do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia.*[2] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3]

So viewed, the evidence shows that while driving on Meldrum Street on February 5, 2001, Officer Quentin Mitchell of the City of Atlanta Police Department saw the defendant urinating in public with his penis exposed. Officer Mitchell stopped his vehicle and approached Bailey, who walked toward a vacant lot. Officer Mitchell testified that as Bailey walked away, he threw a clear plastic sack from his pocket toward some debris. The officer detained Bailey, recovered the plastic sack, which contained 113 hits of heroin,[4] and arrested Bailey. When asked, Officer Mitchell testified that he was "100 percent sure" that Bailey dropped the bag.

1. The indictment charged Bailey with trafficking in heroin in that he unlawfully and knowingly possessed a quantity of a mixture of heroin as described in Schedule I of the Georgia Controlled Substances Act.[5] In his first enumerated error, Bailey argues that there was insufficient evidence that heroin was a Schedule I drug, resulting in a fatal variance between the indictment and the evidence presented at trial. Therefore, Bailey argues, his motion for directed verdict should have been granted. We disagree. "Under the provisions of the Administrative Procedure Act, we take judicial notice of the rules promulgated by the State Board of Pharmacy."[6] Pursuant to OCGA § 16-13-25 (2) (J), which is administered by the State Board of Pharmacy, heroin is a Schedule I drug.

Bailey also argues that the forensic chemist's testimony that the plastic bag contained heroin should have been excluded because there was no evidence that the procedures she utilized to test the drugs were accepted by a substantial number of courts in Georgia. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any

---

[1] (Citations, punctuation and footnotes omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citation omitted.) *Dixon v. State*, 252 Ga. App. 385 (556 SE2d 480) (2001).

[4] A forensic chemist from the Georgia Bureau of Investigation crime laboratory testified that the plastic bag contained 4.5 grams of heroin.

[5] OCGA § 16-13-25.

[6] (Citation and punctuation omitted.) *State v. Bonini*, 236 Ga. 896, 897 (2) (225 SE2d 907) (1976). See OCGA §§ 50-13-8; 16-13-22; 16-13-25 (2) (J).

objection which defendant might have had."[7] Bailey did not object to the chemist's testimony. Accordingly, this enumerated error is without merit.

2. Next, Bailey argues that the court's failure to give the pattern charge on the state's burden to prove identification constitutes error. We disagree.

Bailey admitted that he was urinating in public when he was spotted by the police. Therefore, his presence at the scene is not disputed, and identification was not at issue. Accordingly, the charge that Bailey requested was not adjusted to the evidence, and the trial court did not err in refusing to give it.[8]

What is disputed is whether Bailey threw the heroin onto the field. The jury obviously chose to believe the officer's testimony that he saw Bailey drop the bag. "The weight and credibility of witnesses are questions for the triers of fact . . . for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence."[9]

3. Bailey next argues that the trial court erred in denying his challenge for cause to excuse juror 29. Juror 29 served on a previous jury that convicted a defendant who was represented by Bailey's counsel.

"The decision to strike a juror for cause lies in the sound discretion of the trial court."[10] Our Supreme Court has held that "before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence."[11] When the court specifically inquired as to whether the potential juror could be fair and impartial and judge the case before her independently of her previous experience on a jury, she responded that she could. We cannot conclude therefore that the court abused its discretion in refusing to strike for cause the juror at issue.

---

[7] (Citations and punctuation omitted.) *Watts v. State*, 200 Ga. App. 54, 56 (7) (406 SE2d 562) (1991). See also *Gulley v. State*, 244 Ga. App. 629, 632 (2) (536 SE2d 530) (2000).

[8] *Moore v. State*, 272 Ga. 365 (2) (529 SE2d 372) (2000) (where "there was no evidence and no contention at trial that [the appellant] was misidentified by any witness, the [identification] charge in question was not adjusted to the evidence, and the trial court did not err in failing to give the requested charge"). See also *Muhammad v. State*, 243 Ga. 404, 407 (3) (254 SE2d 356) (1979) (trial court's refusal to give a charge on identification was not erroneous where appellant did not argue that he was incorrectly identified).

[9] (Citation and punctuation omitted.) *Williams v. State*, 236 Ga. App. 790, 792 (513 SE2d 757) (1999).

[10] *Wellons v. State*, 266 Ga. 77, 84 (6) (a) (463 SE2d 868) (1995).

[11] (Citations and punctuation omitted.) *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993).

4. Bailey asserts that the trial court did not permit Bailey's counsel to ask the juror if counsel did anything during the trial to contribute to the guilty verdict. Bailey argues that this alleged ruling deprived him of the opportunity to evaluate the juror's impartiality. Though this argument was not enumerated as error, we address its merits nonetheless.

The following colloquy occurred between the prospective juror and Bailey's counsel:

Q. Is there anything from that trial that I did that would carry over, whether it would affect you or not?
A. No, I don't think. I don't think so.
Q. May I ask what was, to the extent that you have an opinion of me or my performance or lack thereof —.
A. I don't have that opinion.

Thus, the record does not support Bailey's arguments as it shows that juror 29 was permitted to answer questions about Bailey's counsel's performance in the previous trial. Since "the control and extent of cross examination [are] subject to the sound discretion of the trial judge,"[12] the court did not abuse its discretion when it prevented Bailey's counsel from asking further questions on the issue.

5. In his fourth enumerated error, Bailey argues that the trial court erred in admitting evidence of his three prior convictions for simple possession of cocaine.

In *Williams v. State*,[13] our Supreme Court held that the state must make three affirmative showings before introducing evidence of a similar transaction: (1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence to show that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.[14] Bailey concedes that the prosecution met the first two prongs but argues that it did not make the third showing.

Though Bailey admits that the three prior crimes occurred in approximately the same area as the instant crime and involved his attempts to discard the cocaine when detected by police, Bailey maintains that the similar transaction evidence should not have been admitted because the crimes involved small amounts of cocaine, not

---

[12] (Citation and punctuation omitted.) *Robinson v. State*, 258 Ga. 279, 281 (3) (368 SE2d 513) (1988).

[13] 261 Ga. 640 (409 SE2d 649) (1991).

[14] Id. at 642 (2) (b).

heroin. Furthermore, none of the prior convictions involved a large amount of drugs as in the instant case. Bailey contends that there was no sufficient connection to establish that proof of the prior crimes tended to prove the current offense charged.[15] We disagree.

"The similar transaction need not be identical to the charged offense to be admissible."[16] In fact,

> the test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Similarity is an important factor in determining the admissibility of the extrinsic crime; however, it is not the only factor, nor is it necessarily the controlling factor. The ultimate issue for admissibility is whether the evidence of other crimes has relevance to the issues in the trial of the case at bar.[17]

In the instant case, the state argued that in each prior transaction, Bailey exhibited that he was a low-level drug dealer. All three prior crimes occurred in proximity to the incident in the instant case, and two occurred at the same location. Bailey attempted to discard or abandon the illegal narcotics each time that he was approached by police. Therefore, the state maintains that the transactions were offered to show Bailey's bent of mind, plan, scheme, and course of conduct.

> Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct. The requisite similarity between the two incidents depends on the purpose for which the evidence is being presented. If, for example, the evidence is being presented to prove the identity of the

---

[15] In support of his argument, he relies on *Morris v. State*, 212 Ga. App. 779 (442 SE2d 792) (1994), which is physical precedent only. There, the majority concluded that it was error to admit the defendant's prior conviction where it did not involve the same controlled substance as the instant offense and the defendant was only in constructive possession of the substance in the prior case. Id. at 780.

[16] (Citation omitted.) *Maldonado v. State*, 240 Ga. App. 497 (3) (523 SE2d 917) (1999).

[17] (Citations and punctuation omitted.) *King v. State*, 230 Ga. App. 301, 302 (1) (496 SE2d 312) (1998).

perpetrator of the offense charged, a long list of similarities between or among the crimes might be necessary to show that the crime on trial bears the defendant's "criminal signature." Evidence of a perpetrator's propensity to commit an offense in a particular manner "falls within the bent of mind exception to the inadmissibility rule."[18]

"On appeal, a trial court's decision to admit similar transaction evidence will be upheld unless clearly erroneous."[19] In the case sub judice, we do not find the trial court's admission of the evidence to be clearly erroneous, especially considering its instruction to the jury to consider the evidence only for the limited purpose of showing, "if [the evidence] does, the course of conduct, bent of mind or plan or scheme of the defendant in the crime charged in the case now on trial." Nonetheless, we note that even if the admission of the evidence was erroneous because the transactions were not sufficiently similar, the error would not mandate the reversal of Bailey's convictions as the remaining evidence was sufficient to enable a rational trier of fact to convict Bailey beyond a reasonable doubt.[20]

6. Finally, Bailey argues that his trial counsel was ineffective because he failed to make a continuing objection to the similar transaction evidence as it was introduced during trial. We disagree.

"[I]n order to prevail on a claim of ineffectiveness of trial counsel, a defendant must show that his attorney's performance was deficient and that the deficiency prejudiced him such that a reasonable probability exists that, but for the attorney's errors, there would have been a different outcome at trial."[21] As we discussed in Division 5, the trial court's admission of the similar transaction evidence was not clearly erroneous. A fortiori, defense counsel could not have rendered ineffective assistance of counsel by failing to make a meritless objection. Moreover, in light of the overwhelming evidence of Bailey's guilt, he has not shown that but for his trial counsel's failure to object to the similar transaction evidence, there would have been a different outcome at trial.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 24, 2003.

*David D. Bishop*, for appellant.

---

[18] (Citations, punctuation and emphasis omitted.) *Spead v. State*, 218 Ga. App. 547, 548 (1) (462 SE2d 635) (1995).

[19] (Citation omitted.) *Jones v. State*, 239 Ga. App. 733, 734 (1) (521 SE2d 883) (1999).

[20] See *Jackson v. Virginia*, supra.

[21] (Citations omitted.) *Butler v. State*, 273 Ga. 380, 384 (10) (541 SE2d 653) (2001).

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.