A04A1905. KATES v. THE STATE.
(609 SE2d 710)

MILLER, Judge.

Timothy Mathis Kates, Jr. appeals from convictions for cocaine trafficking and obstruction, arguing that the trial court erred when it denied his motion to suppress, when it admitted a similar transaction, and when it charged the jury in language different from that in the indictment. He also asserts that the evidence was insufficient to support his convictions. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that during their surveillance of a known drug area, police observed the driver and passengers of a red car engage in a number of hand-to-hand transactions with pedestrians. When the car pulled away, police met it at an intersection, where the officer there noticed that its driver was not wearing a seat belt. At the sight of police, Kates turned off at the next street, pulled into a driveway, jumped out of the vehicle, and walked toward the officer who was pulling up behind him. On request, Kates showed a driver's license as well as a vehicle rental agreement listing Kates's grandmother as the car's lessee and Kates as an additional driver. The officer told Kates that he thought Kates had been engaged in narcotics sales and asked to search the car, which was carrying two adults and two small children as passengers. Kates told the officer to get a warrant, at which the officer asked his partner to call a canine unit to perform a "free air sniff" of the vehicle. Shortly thereafter, Kates said that he did not want the children to have to wait or to be scared of the dog, and gave his consent to search the car.

The officer asked the woman sitting in the front passenger's seat to step out of the car. Seeing that she was holding a purse, he asked to search it, and the woman agreed. Inside he found a small baggie containing what looked like crack cocaine. She was placed under arrest, and Kates was also put in handcuffs. The officer then found several more bags of crack on the front seat where the woman had been sitting, as well as a box later found to contain over 28 grams of packaged powder and crack cocaine along the transmission hump of the car. The officer then asked the woman in the back seat to step out of the vehicle. After standing up, the second woman shoved her closed fist down her pants, leaving a bulge on her right hip. A female officer soon searched her and found a bag of cocaine. At one point during these proceedings, Kates, who was handcuffed, ran into a backyard, where he was reapprehended. Officers also found $906 in Kates's breast pocket.

The two women were charged with possession of cocaine with intent to distribute; both pled guilty. Before trial, Kates sent letters to both women asking them to say that the cocaine was theirs. He provided the first woman with a "confession" to sign and offered to marry her, and at the same time assured the other woman that *she* was "[his] lady from now on." At Kates's trial, both women testified that the cocaine was his.

Kates's motion to suppress the cocaine was denied. The jury found him guilty of cocaine trafficking and obstruction of an officer. His motion for new trial was also denied. On appeal, he argues that (1) his motion to suppress should have been granted; (2) the evidence was insufficient to support the convictions; (3) the court erred in admitting a similar transaction into evidence; and (4) the court's charge on cocaine trafficking suffered from a fatal variance from the indictment.

1. Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). The trial court's decision will not be disturbed if there is evidence to support it. *Taylor v. State*, 263 Ga. App. 420, 422 (2) (587 SE2d 791) (2003).

At the hearing on the motion, the surveilling officer testified that he saw the occupants of the car engaged in a number of hand-to-hand transactions in an area known as an "open-air drug market." As the trial court ruled, this alone provided the articulable suspicion necessary to make an investigatory stop. *Lambright v. State*, 226 Ga. App. 424, 426-427 (1) (487 SE2d 59) (1997). In the course of the investigation that followed, the officer informed Kates that he was calling a drug dog to the scene, an act which would not have involved a search

within the meaning of the Fourth Amendment. See *State of Ga. v. Montford*, 217 Ga. App. 339, 340-341 (1) (457 SE2d 229) (1995). Without prompting, and for his own convenience, Kates then gave his consent to search the vehicle. He was arrested and handcuffed only when cocaine was found on one of his car's passengers. The court properly denied the motion to suppress. See *Cole v. State*, 254 Ga. App. 424, 425-426 (2) (562 SE2d 720) (2002) (consent to search valid even after officer informs defendant that police could call a drug dog).

2. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(a) Here, the State offered proof that over twenty-eight grams of cocaine of at least ten percent purity was found in an envelope box on the floor of the car Kates was driving. This was sufficient to support Kates's conviction for cocaine trafficking. See OCGA § 16-13-31 (a) (1); *Thomas v. State*, 261 Ga. App. 493, 495-496 (1) (583 SE2d 207) (2003) (passengers' testimony that driver directed one of them to hide cocaine was sufficient to support possession element necessary for trafficking conviction).

(b) A person is guilty of misdemeanor obstruction when he "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a). The question whether a defendant's actions actually hindered the officers is for the jury. *O'Neal v. State*, 211 Ga. App. 741, 743 (2) (440 SE2d 513) (1994). Here, Kates fled the scene in handcuffs, requiring officers to pursue and reapprehend him. There was evidence to support the conviction for misdemeanor obstruction. Id.

3. Kates also contends that the trial court erred when it admitted evidence of his prior conviction for possession of cocaine with intent to distribute. We disagree.

Before introducing evidence of a similar transaction, the State must show

(1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence to show that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.

*Bailey v. State*, 259 Ga. App. 293, 296 (5) (576 SE2d 668) (2003); *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). A trial court's decision to admit similar transaction evidence will be upheld on appeal unless it is clearly erroneous. *Bailey*, supra, 259 Ga. App. at 298 (5).

Here, the State sought to introduce the prior conviction for the limited purpose of showing bent of mind and course of conduct, as the trial court later instructed the jury. Kates pled guilty to the prior charge, which involved 49 grams of cocaine found in a car rented to Kates's mother with Kates listed as an authorized driver. The trial court's decision to admit this prior conviction was not clearly erroneous. *Bailey*, supra, 259 Ga. App. at 298 (5).

4. Finally, Kates argues that the court's charge to the jury suffered from a "fatal variance" from the language of the indictment. Again, we disagree.

The only issue under the so-called "fatal variance" rule is whether a variance between the indictment and the *proof* has materially affected the substantial rights of the accused. *Buice v. State*, 239 Ga. App. 52, 58 (4) (520 SE2d 258) (1999). Here, the indictment charged Kates with "unlawfully and knowingly possess[ing] at least 28 grams of a mixture with a purity of at least 10 percent of cocaine" in violation of the Georgia Controlled Substances Act. For its part, the trial court charged the jury that "[a]ny person who is knowingly in possession of 28 grams or more of cocaine, or of any mixture with a purity of 10% or more of cocaine[,] commits the offense of trafficking in cocaine." The court was not required to recite the indictment verbatim in the course of its charge. *Goss v. State*, 255 Ga. 678, 680 (3) (341 SE2d 448) (1986). Moreover, there was no meaningful difference here between the language of the indictment and that of the charge. Considering the latter as a whole and the evidence of Kates's guilt, then, any conceivable error in giving it was harmless. See *Gay v. State*, 258 Ga. App. 854, 856 (3) (575 SE2d 740) (2002).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2005.

*Robert H. Alexander III*, for appellant.

*Patrick H. Head, District Attorney, Victoria S. Aronow, Amelia G. Pray, Assistant District Attorneys*, for appellee.