A05A0013. BUTLER v. THE STATE.
(612 SE2d 865)

MILLER, Judge.

Following a bench trial, Ira Lee Butler was convicted of possession of a firearm by a convicted felon. On appeal he contends that the trial court erred in denying his motion to suppress evidence of the firearm that was found in plain view in his bedroom after he gave police permission to search the room. We discern no error and affirm.

When reviewing a trial court's order on a motion to suppress and, as here, the salient facts are not in dispute, we apply a de novo standard of review to the trial court's application of law to those facts. See *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). So considered, the testimony at the suppression hearing reveals that

---

police officers and a Department of Family and Children Services worker went to Butler's home after receiving complaints of drugs in the home. Butler's brother, who was staying at the home with his wife and infant child, invited the police inside.

Butler descended the stairs from the upstairs bedroom and appeared nervous upon seeing the police officers. When they asked Butler for identification, he turned around and started to go back upstairs, claiming that his identification was in his room. The officers began to follow Butler upstairs to make sure that he was not going to his room to retrieve any weapons, but Butler told them that he did not want them to enter his room.

The officers did not go to Butler's room at that time, but instead went to the downstairs bedroom of Butler's sister-in-law, because they had information that a warrant had been issued for her arrest. In that downstairs bedroom, the officers found in plain view a marijuana pipe with a small amount of marijuana still inside of it.

Butler's wife then arrived at the house with two of their children. The police again requested consent from Butler to search the home, while at the same time trying to keep the children calm. The officers informed Butler that they had enough evidence to get a warrant in light of the marijuana found in the home. Butler then consented to a search of his bedroom. Butler testified at the suppression hearing that part of his reason for consenting was to prevent his children from being upset.

Butler led the police to his bedroom, where they found in plain view a .22 caliber handgun on top of Butler's dresser. Butler admitted that the handgun was his and that he was a convicted felon. The police later arrested Butler for possession of a handgun by a convicted felon.

Prior to trial, Butler moved to suppress evidence of the handgun retrieved from his home, arguing that he did not give valid consent for the police to search his bedroom. Following a hearing, the trial court denied the motion.

"Generally, a search based on voluntary consent eliminates the need for a search warrant or probable cause." (Citation and footnote omitted.) *Buckholts v. State*, 247 Ga. App. 697, 699 (2) (545 SE2d 99) (2001). "[I]n a consent search, the burden is upon the state to demonstrate that the consent was voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances." (Citations and punctuation omitted.) *Code v. State*, 234 Ga. 90, 93 (III) (214 SE2d 873) (1975).

The circumstances here reveal that Butler voluntarily consented to the search of his bedroom. The undisputed facts show that the police did not threaten Butler in any way before he consented to the

search of his bedroom. The fact that the police told Butler that they could get a warrant to search after finding marijuana in the home did not make Butler's consent involuntary. See id. at 95 (III). Once Butler gave his consent to search, the police officers discovered the handgun, which under the "plain view" doctrine was properly seized. *Lindsey v. State*, 247 Ga. App. 166, 168-169 (1) (543 SE2d 117) (2000). The trial court properly denied Butler's motion to suppress. See id. at 169 (1); *Kates v. State*, 271 Ga. App. 326 (609 SE2d 710) (2005) (defendant who initially refused consent to search car later gave valid consent when police threatened to bring drug dogs and where defendant consented in part to avoid upsetting children).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 29, 2005.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, James L. Wright III, Assistant District Attorneys*, for appellee.