## A05A1650. SAADATDAR v. THE STATE.
(626 SE2d 552)

MILLER, Judge.

Following a bench trial, Abbas Saadatdar was convicted of possession of morphine. On appeal, he contends that the trial court erred in denying his motion to suppress. We discern no error and affirm.

On appeal from a denial of a motion to suppress, the trial court's application of law to undisputed facts is subject to de novo review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). So viewed, the evidence presented at the hearing on the motion to suppress showed that officers received a tip that Saadatdar had an

assault weapon in his home. A few days later, two officers knocked on the door of Saadatdar's home in the early morning hours. Saadatdar opened a solid inner door and spoke with the officers through a glass storm door. He informed officers that he did not possess a weapon. During the five minute conversation, officers asked to enter the residence "two or three times." Each time Saadatdar refused consent to enter. After some continued conversation, Saadatdar admitted that he once possessed an assault weapon. Following this admission, one of the officers commented, "Hey, people are looking at us. Your neighbors are looking at us. Do you want to let us in?" Saadatdar then allowed the officers to enter his home on the condition that they could not conduct a search. Once the officers entered the home, one of them observed in plain view a propane torch, two water bottles with straws in them, rods, and a burnt substance on a glass plate, all of which the officer understood to be drug paraphernalia. When the officer asked Saadatdar about the items, Saadatdar responded, "That's just some opium." A search warrant was then obtained for the home.

In four enumerations, Saadatdar argues that (1) he did not voluntarily consent to the entry of his home, (2) even if the consent could be deemed voluntary, the officer's actions exceeded the scope of that consent, and (3) the items seized were not in plain view. Each of these arguments fails.

"In a consent search, the burden is upon the state to demonstrate that the consent was voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances." (Citation and punctuation omitted.) *Butler v. State*, 272 Ga. App. 557, 558 (612 SE2d 865) (2005). Although the officers requested several times to enter Saadatdar's home to discuss whether he possessed an assault weapon, the officers did not threaten him in any way. The fact that they requested permission to enter the home several times and warned Saadatdar that his neighbors might see them at his door does not automatically render Saadatdar's consent involuntary. See, e.g., id. at 558-559; *Kates v. State*, 271 Ga. App. 326, 327-328 (1) (609 SE2d 710) (2005).

Once the officers had entered Saadatdar's home with his consent, the uncontradicted evidence showed that one of them observed what he believed to be drug paraphernalia and drug residue in plain view. When questioned by the officer, Saadatdar himself admitted that the residue was opium (the organic source of morphine and other deriva-tives).[1] It is well settled that "objects falling in the plain view of an

---

[1] This admission belies Saadatdar's assertion that the officer had no basis to conclude that the items seen in plain view were drug paraphernalia. See OCGA § 16-13-32 (a) (defining "drug-related object").

officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (Citations omitted.) *Galbreath v. State*, 213 Ga. App. 80, 82 (2) (443 SE2d 664) (1994).

In light of the evidence presented at the motion for new trial hearing, the trial court properly denied the motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 24, 2006 — 

*Bruce S. Harvey, Jennifer S. Hanson, Michael B. Seshul, Jr.*, for appellant.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.