## S01A1484. SWINDLE v. THE STATE.
(558 SE2d 385)

CARLEY, Justice.

A jury found Robert Keith Swindle guilty of the malice murder of Antoinette Evans. He appeals from the judgment of conviction and life sentence entered by the trial court on the jury's guilty verdict.[1]

---

[1] The homicide occurred on February 28, 1998. The grand jury indicted Swindle on July 14, 1998. The jury returned the guilty verdict on April 23, 1999 and, on that same day, the trial court entered a judgment of conviction and imposed a life sentence. Swindle filed a motion for new trial on April 30, 1999, and the trial court denied that motion on February 7, 2001. On February 23, 2001, he filed a notice of appeal. The case was docketed in this Court on July 6, 2001, and was submitted for decision on August 27, 2001.

1. Swindle presented an alibi defense, but several eyewitnesses identified him as the person they saw shoot Ms. Evans. When construed most favorably in support of the verdict, the evidence is sufficient to authorize a rational trier of fact to find proof of his guilt of the murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over appellant's objection, the State was allowed to introduce evidence of his drug dealing, on the theory that it was relevant to prove a motive for the murder. He enumerates this ruling as error, urging that the evidence was an impermissible attack on his character.

The victim was a drug user. She knew appellant, and admitted to a friend that she had stolen $1,000 from him. Immediately prior to the murder, Swindle called out to her, and Ms. Evans responded that she heard he was looking for her. When the investigating officer arrived on the scene and asked who shot her, she said that it was "Keith." When asked why she had been shot, Ms. Evans stated that it was because she had been speaking with the police. Thus, the State showed that there was pre-existing animosity between the perpetrator and the victim based upon her contact with law enforcement officers. Evidence that Swindle was a drug dealer named "Keith" was admissible to show that Ms. Evans had reason to talk to the police about him and that, consequently, he had a motive to kill her. *Collins v. State*, 273 Ga. 30, 31 (2) (538 SE2d 34) (2000).

3. The defense proffered evidence that, on two occasions, the police arrested another "Keith" in the vicinity and charged him with selling drugs. The trial court sustained the State's objection to the relevancy of this evidence, and appellant urges that this erroneously denied him the opportunity to rebut the State's contention that he was the "Keith" whom the victim identified in her dying declaration.

The arrests of the other "Keith" had no direct or indirect connection with Ms. Evans' murder. One took place more than a year before she was killed and the other occurred several months after her murder. The fact that another person dealt drugs in the area and shared a common first or middle name with Swindle does not implicate him as a possible suspect in the crime. Furthermore, appellant admitted at trial that he did not intend to proffer evidence that someone else committed the crime. Therefore, the trial court correctly sustained the State's objection to the admission of the evidence. *Klinect v. State*, 269 Ga. 570, 573 (3) (501 SE2d 810) (1998).

4. Several alibi witnesses testified on Swindle's behalf. He urges that, in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), the State withheld exculpatory evidence, by failing to disclose to him the whereabouts of an additional potential defense witness named "Blipp" who would have provided corroboration for

his alibi.

The record shows that Blipp was known to Swindle and other defense witnesses, and he apparently was as available to the defense as he was to the prosecution. The State did not suppress any information, but did not provide appellant's counsel with an address which could have been discovered in the exercise of reasonable diligence. Moreover, a proffer of Blipp's testimony shows that it would not directly support the claim of alibi, as he only indicated that he had been with Swindle on some indefinite occasion during the two months preceding the murder. The defense presented witnesses who provided a definite alibi for the time of the homicide, and Blipp's additional vague recollection was neither exculpatory nor material. The trial court properly ruled that there was no *Brady* violation. *Tessmer v. State*, 273 Ga. 220, 225 (6) (539 SE2d 816) (2000).

5. Swindle urges that he is entitled to a new trial because his trial counsel was ineffective. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Because the attorney was mistaken about when the murder occurred, she initially subpoenaed Donnie Davenport as an alibi witness. Upon subsequently discovering her error, however, she did not call him. The State did use Davenport as a prosecution witness, and offered his testimony in rebuttal of the alibi defense. Swindle contends the State discovered the existence of Davenport as the result of his trial attorney's mistake about the timing of the murder.

The record shows that the State was aware of Davenport and his possible knowledge of matters relevant to the case. A prosecution witness who knew both Davenport and Swindle testified at trial that they were friends. At the hearing on the motion for new trial, the assistant district attorney testified that, based on this witness' revelation of a friendship between the two, he would have interviewed Davenport even if the defense had not subpoenaed him. Thus, there is no merit in appellant's assertion that, absent his lawyer's mistake, Davenport would not have been discovered as a potential prosecution witness.

Moreover, in order to prevail on an ineffective assistance claim, the defendant must prove that counsel was deficient, and also that, but for the error, the outcome of the trial would have been different. *Turner v. State*, 273 Ga. 340, 342 (2) (541 SE2d 641) (2001). The murder occurred early on a Tuesday, and appellant claimed that he left town the previous Friday and did not return until after the crime took place. Upon discovering her mistake, Swindle's trial lawyer called numerous defense witnesses who corroborated an alibi for that entire period. Davenport's testimony did not purport to show that appellant was the perpetrator, and it only partially rebutted the alibi. According to him, the two were together in town on the week-

end prior to the murder. Guilt or innocence for the homicide committed on Tuesday depended upon whether the jury believed the State's eyewitnesses or the alibi witnesses, and Davenport's testimony regarding appellant's whereabouts on the preceding weekend was merely tangential to that determination. Under these circumstances, the trial court was authorized to find that, even assuming trial counsel was deficient, Swindle failed to prove the prejudice prong of an ineffective assistance claim. *Strickland v. Washington*, supra. See also *Wallace v. State*, 272 Ga. 501, 504 (3) (a) (530 SE2d 721) (2000).

6. According to appellant, the State failed to reveal its deal with a prosecution witness named Grady McGlothin. At the time of trial, McGlothin was facing criminal charges and, when questioned, he denied any agreement to testify in exchange for a favorable disposition of his case. Shortly after Swindle's conviction, a plea bargain was negotiated between the State and McGlothin. At the hearing on appellant's motion for new trial, the prosecutor in this case and the prosecutrix in McGlothin's case testified. Both denied the existence of a deal, and stated that there was no connection between the subsequent plea bargain with McGlothin and his prior testimony in this case. The trial court was authorized to conclude that McGlothin and the two attorneys for the State testified truthfully, and that the disposition of his case was independent of his appearance as a prosecution witness against Swindle. *Jolley v. State*, 254 Ga. 624, 628 (5) (331 SE2d 516) (1985).

7. The trial court's charge on alibi included the following:

> The evidence presented with respect to time and place must be such as reasonably excludes a possibility of the presence of the defendant at the scene of the alleged offense. Presence of the defendant at the scene of the crime alleged is an essential element in the crime set forth in the indictment, and the burden of proof is upon the [S]tate to prove such beyond a reasonable doubt.

Appellant urges that the first sentence erroneously suggested that he had the burden of proof as to the alibi defense. However, he requested the instruction and is, therefore, precluded from attacking it on appeal. *Whatley v. State*, 270 Ga. 296, 300 (10) (d) (509 SE2d 45) (1998). Moreover, in *Chapel v. State*, 270 Ga. 151, 157 (7) (510 SE2d 802) (1998), we recognized that a charge on alibi "would be correct and better without" the first sentence, but concluded there was no reversible error because "the final sentence is clear in instructing that the burden of proof rests completely with the [S]tate."

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Zell & Zell, Rodney S. Zell,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.