## A03A1474. TERRY v. THE STATE.
(586 SE2d 357)

BARNES, Judge.

Joseph Terry was convicted of cruelty to children and sentenced to serve 20 years.[1] He appeals, arguing that the trial court erred in admitting evidence of a similar transaction through the testimony of the investigating officer. Finding no error, we affirm.

We will reverse a trial court's decision to admit evidence of a similar transaction only if the court has abused its discretion. *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998). After a hearing pursuant to Uniform Superior Court Rule 31.3 (B), the trial court must determine whether the State has shown three things: (1) that it seeks to introduce evidence of the independent offense for an appropriate purpose and not to show the defendant's bad character; (2) that sufficient evidence establishes that the accused committed the independent offense; and (3) that a sufficient connection or similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The independent offense admitted in this case involved Terry's physically abusive conduct toward family members within the family home.

> The rule allowing the admission of similar transaction evidence is usually applied more liberally with evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves to this exception to the other offenses rule on questions of both identity and motive.

(Citation and punctuation omitted.) *Sapeu v. State*, 222 Ga. App. 509, 510 (4) (474 SE2d 703) (1996).

In this case, Terry was accused of injuring his year-old son. He was alone with the child when he called the child's mother and told her the child had hit his head on the fireplace hearth and "was not acting right." The mother rushed home to find the child in his baby bed with a knot on his forehead, his eyes rolled back in his head, and breathing irregularly. She took the child to the doctor immediately, and from there the child was taken by helicopter to Egleston Hospital in Atlanta. The child was in a coma and on a breathing machine for some period of time and remained hospitalized for a month.

A physician expert in child abuse evaluation testified that the

---

[1] Terry's first trial on this charge ended in a mistrial.

child had bruises over his forehead, his left temple, his back, and his thighs. A CT scan showed internal bleeding between the child's skull and brain, his eyes were dilated, and he had many retinal hemorrhages, all consistent with "shaken baby syndrome." She concluded that the injuries were not caused by a fall and that the child had been abused.

The State's similar transaction evidence consisted of the testimony of a Gwinnett County Police Department detective who taught a drug abuse education class in 1994, which Terry's fifth-grade stepdaughter attended weekly. The detective testified that she noticed in November 1994 that the child had a bruised face and swollen eye, but when questioned said she had injured herself by falling. The next month, the detective noticed that both of the child's eyes were bruised. When questioned, the child burst into tears and ran out of the room, and the detective called the Department of Family and Children Services, which began deprivation proceedings. While waiting for a deprivation hearing to begin, the detective testified, Terry made a voluntary statement to the detective that he was sorry he had hit the child in the face, and that he had a problem controlling his anger. The detective procured a warrant and arrested Terry, and he subsequently pled guilty to child abuse.

The State argued at the similar transaction hearing that the two cases established a pattern of Terry hitting his child or a child in his care in the face when he was angry. The trial court found that the State was entitled to present this evidence to show Terry's state of mind, course of conduct, modus operandi, and intent, and instructed the jurors before the evidence was presented that they were to consider the evidence for the limited purpose of showing, if it did, mode of operation or intent and nothing else.

Terry argues on appeal that the trial court erred in admitting this evidence because the testimony was not that of the similar transaction victim, but of a law enforcement officer who did not witness the incident. In *Bowdry v. State*, 211 Ga. App. 626 (440 SE2d 59) (1994), we held that the trial court erred in admitting evidence of a similar transaction when the only witness testifying about the event was a chief deputy sheriff who related facts told to him by officers in a drug task force. Because "the witness' testimony concerning the similarity of the prior offenses was inadmissible hearsay, which was of no probative value to prove the similarity of the prior offenses . . . , the similar transaction evidence was erroneously admitted." (Citation omitted.) Id. at 627. In this case, however, the witness who testified about the similar transaction was the investigating officer. She observed the other child's bruised face, and Terry confessed to her that he hit the child in the face. This testimony was not inadmissible hearsay, and the trial court made no error in admitting it. *Scott*

*v. State*, 213 Ga. App. 84, 87 (2) (444 SE2d 96) (1994); *Jackson v. State*, 205 Ga. App. 827, 828 (2) (424 SE2d 6) (1992).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 5, 2003.

*Timothy L. Lam*, for appellant.

*Fredric D. Bright*, District Attorney, *Shelley S. Tice*, Assistant District Attorney, for appellee.