## A10A0351. SMITH v. THE STATE.
(699 SE2d 742)

MILLER, Chief Judge.

A jury convicted David Lee Smith of single counts each of armed robbery (OCGA § 16-8-41), hijacking a motor vehicle (OCGA § 16-5-44.1 (b)), and aggravated assault (OCGA § 16-5-21).[1] Smith appeals his convictions and the denial of his motion for new trial, contending the trial court erred in (i) admitting similar transaction evidence; (ii) recharging the jury; and (iii) failing to find that the jury rendered an inconsistent verdict. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Dukes v. State*, 285 Ga. App. 172 (1) (645 SE2d 664) (2007)), the evidence shows that on April 16, 2005, Leon Burruss picked up his friend, Melita Hodges, from the Superior 7 Motel to run some errands. When they returned to the motel, Smith approached them and asked Burruss for a ride to a plaza on Martin Luther King Jr. Boulevard in Atlanta. Burruss agreed to take Smith to his destination; Smith got into Burruss's vehicle; and Hodges exited the vehicle and returned to the motel. After leaving the motel, Smith demanded Burruss's wallet at gunpoint, told him to stop the car and "get out." Burruss complied. After getting out of the car, Burruss attempted to call 911 on his cell phone. Sensing this, Smith ordered Burruss to stop, took his cell phone, and drove away in Burruss's vehicle, a Toyota Solara.

The following day, Officer J. Childers of the City of Atlanta Police Department observed Smith driving a white Toyota Solara without a seat belt and stopped him. After determining that Smith's license was suspended, Officer Childers placed Smith in custody, searched his vehicle, and found a wallet containing Burruss's driver's license. Burruss identified Smith on two different occasions, in a photographic lineup and at the police station, as the man who hijacked his vehicle.

At trial, the court admitted evidence of three similar transactions.

1. Smith claims that the trial court erred in admitting similar transaction evidence, arguing that the investigating officers' testimony was based on hearsay. We disagree.

---

[1] Smith was acquitted of possession of a firearm during the commission of a felony (OCGA § 16-11-106).

In order to admit evidence of a similar transaction, a trial court must hold a hearing pursuant to Uniform Superior Court Rule 31.3. At that hearing, the State must make three showings:

(1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence to show that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.

(Citations and punctuation omitted.) *Cromartie v. State*, 275 Ga. App. 209, 211-212 (3) (620 SE2d 413) (2005). We will uphold a trial court's decision to admit similar transaction evidence unless it is clearly erroneous. Id.

Since Smith failed to provide the transcript of the similar transaction hearing in the record on appeal, our review is limited to the trial record. See *Miller v. State*, 219 Ga. App. 284, 285 (2) (464 SE2d 860) (1995). At trial, the State introduced three similar transactions to demonstrate Smith's bent of mind, course of conduct and modus operandi in committing the charged offenses. Smith argues that the State relied on hearsay to establish that he committed a prior armed robbery and theft by taking.

At trial, the State called H. E. Christian, a retired City of Atlanta police detective, who testified about his investigation of a 1997 armed robbery of two Hispanic males. When he responded to the scene, the victims identified Smith and two others as the robbers; weapons and ammunition were found in the vicinity; and the victims identified money and a gold necklace as items belonging to them. Officer Christian arrested Smith for armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and carrying a concealed weapon.

The State also called Officer S. B. Greene of the City of Atlanta Police Department, who testified about a motor vehicle theft he investigated in 1998. Officer Greene responded to the scene, met with another officer and two victims, and observed that the victims' Chevrolet truck had a broken steering column. The officer learned that Smith had entered the truck, damaged the steering column and tried to drive away in it. At the scene, Smith gave Officer Greene a date of birth of February 23, 1984 and the false name, Brandon Smith. He was arrested for theft by receiving a motor vehicle, theft by taking, and possession of tools for the commission of a crime.

We have frequently held that an investigating officer's testimony concerning his personal knowledge of the crimes investigated by him is not hearsay. See *Inman v. State*, 281 Ga. 67, 70 (3) (a), n. 6 (635

SE2d 125) (2006) (investigating officer's testimony as to her observations and what the defendant told her during that investigation is not inadmissible hearsay); *Terry v. State*, 262 Ga. App. 654, 655 (586 SE2d 357) (2003). Contrary to Smith's contention, the victim's identification of Smith as one of the robbers was based on Officer Christian's personal knowledge. *Inman*, supra, 281 Ga. at 70 (3). Further, Officer Greene's testimony that he arrested a David Smith with a date of birth of February 23, 1984 was sufficient circumstantial evidence that Smith committed the motor vehicle theft in 1998. See OCGA § 24-4-40 (a) ("[c]oncordance of name alone is some evidence of identity"); *Rary v. State*, 228 Ga. App. 414 (1) (491 SE2d 861) (1997) (circumstantial evidence can be used to establish a defendant's connection to an independent crime). Thus, the trial court did not err in admitting similar transaction evidence. *Cromartie*, supra, 275 Ga. App. at 211-212 (3).

2. Smith argues that the trial court erred in charging the jury on the definitions of a firearm and a weapon in response to the jury's question regarding the offense of hijacking a motor vehicle. We are not persuaded.

"[W]here the jury requests further instructions upon a particular phase of the case, the court in its discretion may recharge them in full, or only upon the point or points requested." (Punctuation, footnote and emphasis omitted.) *Salahuddin v. State*, 277 Ga. 561, 564-565 (4) (592 SE2d 410) (2004).

During the jury's deliberations, the jury sent out a note, stating: "We need a clear point on car jacking [sic], if it has to be a weapon involved?" After a colloquy with counsel, the trial court stated that it would recharge the jury on hijacking a motor vehicle only.[2] Thereafter, the trial court charged the jury on hijacking a motor vehicle and further instructed them as to the definitions of a firearm and a weapon. OCGA § 16-5-44.1 (a) (1), (3). Although Smith's counsel objected to the trial court's instructions defining a firearm and a weapon, given the inclusion of these terms within the definition of hijacking a motor vehicle, the trial court did not abuse its decision when it charged the jury on these additional terms. OCGA § 16-5-44.1 (a) (1), (3); *Salahuddin*, supra, 277 Ga. at 564-565 (4).

To the extent Smith contends that the trial court erred in charging the jury on an offensive weapon in response to a second jury question, his failure to object to the trial court's response to the

---

[2] In its initial jury charge, the trial court defined hijacking a motor vehicle as follows: "A person commits the offense of hijacking a motor vehicle, when such person while in possession of a *firearm or weapon* obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so." (Emphasis supplied.)

jury's question waives any claim of error relating thereto. See *Cummings v. State*, 272 Ga. App. 886, 889 (2) (614 SE2d 121) (2005).

3. Smith contends that the jury rendered an unlawful inconsistent verdict when it acquitted him of possession of a firearm during the commission of a felony but found him guilty of armed robbery, hijacking a motor vehicle, and aggravated assault. Based on this verdict, he argues that the trial court erred in failing to vacate his convictions on the felony counts. We disagree.

The Supreme Court of Georgia abolished the inconsistent verdict rule, finding that "individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that the courts generally will not undertake." (Citations and punctuation omitted.) *Turner v. State*, 283 Ga. 17, 20 (2) (655 SE2d 589) (2008); see also *Lee v. State*, 300 Ga. App. 214, 217 (2) (684 SE2d 348) (2009); *Cornette v. State*, 295 Ga. App. 877, 881 (3) (673 SE2d 531) (2009). An exception to the inconsistent verdict rule exists when the appellate record "makes transparent the jury's reasoning why it found the defendant not guilty of one of the charges." *Lee*, supra, 300 Ga. App. at 217-218 (2).

During jury deliberations, the jury sent out a written question inquiring whether the aggravated assault, armed robbery and firearm possession charges "referr[ed] to a devi[c]e as a weapon." Based on this question, Smith contends that the exception applies and speculates that the jury acquitted him of the firearm possession charge based on its finding that he used a replica, rather than a firearm. He further argues that his convictions on armed robbery, aggravated assault and hijacking a motor vehicle should be vacated. We fail to conclude that the appellate record makes clear the jury's reasoning. Even if we accept Smith's argument, the jury was still authorized to find Smith guilty of the remaining counts even if they found a replica or device having the appearance of a weapon. *Lee*, supra, 300 Ga. App. at 217-218 (2); see also OCGA §§ 16-8-41 (a); 16-5-21 (a) (2); 16-5-44.1 (a) (1), (3). Thus, this argument presents no basis for reversal.

Accordingly, we affirm the trial court's denial of Smith's motion for a new trial.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED JUNE 30, 2010.

*Cynthia W. Harrison*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.