**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 8, 2018**

# In the Court of Appeals of Georgia

A18A0235. MARROQUIN v. THE STATE.

MCFADDEN, Presiding Judge.

Wilmer Pinto Marroquin appeals from his conviction for aggravated sexual battery. We find no merit in either his challenge to the sufficiency of the evidence or his assertion that the trial court abused his discretion in admitting a photograph of the victim into evidence. So we affirm.

1. *Sufficiency of the evidence.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the

prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation and emphasis omitted).

So viewed, the evidence showed that on a morning in January 2014, nine-year-old H. A. was asleep in a bed with her mother and two siblings. Marroquin, who was H. A.'s mother's boyfriend, was asleep at the foot of the bed. After H. A.'s mother got out of bed and left the room, Marroquin moved so that he was lying under the covers next to H. A., facing her back. Marroquin reached around H. A.'s body, put his hand down her underwear, and inserted a finger in her vagina. H. A. pushed Marroquin's hand away, and he told her not to tell her mother. Marroquin got out of bed and left. H. A. then told her mother what had happened. H. A.'s mother confronted Marroquin, who told her he had mistaken H. A. for her.

"A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b). "[A] finger constitutes a 'foreign object' for purposes of this crime." *Johnson v. State*, 276 Ga. 57, 58 (1) (573 SE2d 362) (2002) (citation omitted). See OCGA § 16-6-22.2 (a).

2

Although Marroquin does not dispute that he penetrated H. A.'s sexual organ with his finger, he asserts that he mistook H. A. for her mother, his girlfriend, and so there was insufficient evidence of his criminal intent. "On the issue of intent, the [s]tate must prove that the defendant's act of penetrating the victim's sexual organ or anus was intentional and that the defendant knew or should have known that the victim did not consent or lacked the capacity to consent." *Lee v. State*, 300 Ga. App. 214, 216 (1) (684 SE2d 348) (2009) (citations omitted). Marroquin argues that the state did not meet this burden because it "offered no evidence to negate or disprove beyond a reasonable doubt that [his] actions were something other than a mistake." We disagree. The state presented evidence describing the physical differences between nine-year-old H. A. and her adult mother in January 2014. In addition, the state presented evidence that Marroquin told H. A. not to tell her mother about his actions *before* H. A. pushed his hand away from her. From this evidence, the jury was authorized to find that Marroquin intended to perpetrate his acts on H. A., not her mother. The evidence supported Marroquin's conviction for aggravated sexual battery.

2. *Admission of victim's photograph.*

Over Marroquin's objection, the trial court admitted into evidence a school photograph of H. A. taken approximately eight months before January 2014. Marroquin argues that this was error because the photograph's "probative value was substantially outweighed by the danger of unfair prejudice[.]" OCGA § 24-4-403. Whether to exclude evidence on this ground

> is a matter committed principally to the discretion of the trial court[. Moreover,] the exclusion of evidence under OCGA § 24-4-403 is an extraordinary remedy which should be used only sparingly. The major function of OCGA § 24-4-403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. In close cases, the balance should be struck in favor of admissibility.

*Dixon v. State*, 341 Ga. App. 255, 260 (1) (b) (800 SE2d 11) (2017) (citations and punctuation omitted).

The photograph at issue had probative value — it tended to show that around January 2014 H. A. looked like a child, not an adult, thereby making Marroquin's claim that he mistook H. A. for her mother less probable. See generally *Dixon*, supra at 261 (1) (b) (discussing concepts of relevance and probative value). Although the photograph was taken several months earlier, there was evidence that H. A.'s appearance in January 2014 did not differ markedly from the photograph. But there

4

was evidence that H. A.'s appearance *had* changed between the January 2014 incident and the November 2015 trial at which she testified.

We are not persuaded by Marroquin's assertion that the probative value of the photograph was outweighed by a danger of unfair prejudice from it. Marroquin cites to our Supreme Court's opinion in *Ragan v. State*, 299 Ga. 828, 832-834 (3) (792 SE2d 342) (2016), which concerned the prejudicial nature of the admission of several "in-life" photographs of a murder victim that the Court found had little if any probative value. Here, in contrast, the photograph directly pertained to a critical, disputed issue — the believability of Marroquin's affirmative defense. We find no abuse of the trial court's discretion in admitting the photograph.

*Judgment affirmed. Ray and Rickman, JJ., concur*.