305 Ga. 725
FINAL COPY

S19A0439. CARPENTER v. THE STATE.

BLACKWELL, Justice.

Benjamin Carpenter was tried by a DeKalb County jury and convicted of murder and possession of a firearm during the commission of a felony in connection with the fatal shooting of Lucio Vasquez. Carpenter appeals, contending that the trial court erred in its resolution of certain evidentiary issues and in its charge to the jury. Upon our review of the record and briefs, we find no merit in these claims of error, and we affirm.[1]

---

[1] Vasquez was killed on August 11, 2016. A grand jury indicted Carpenter and Christian Hernandez in November 2016, charging both with murder with malice aforethought, murder in the commission of an aggravated assault, murder in the commission of an attempted armed robbery, aggravated assault, attempted armed robbery, and possession of a firearm during the commission of a felony. Before trial, Hernandez pleaded guilty to voluntary manslaughter and possession of a firearm during the commission of a felony. Carpenter was tried in May 2017, and Hernandez testified as a witness for the prosecution. The jury acquitted Carpenter of murder with malice aforethought, murder in the commission of an aggravated assault, and aggravated assault. It found Carpenter guilty, however, on the other charges. The trial court sentenced Carpenter to imprisonment for life for murder in the commission of an attempted armed robbery, and it handed down a suspended sentence of five years for possession of a firearm during the commission of a felony. The attempted armed robbery merged into the murder. Carpenter filed a timely motion for new trial, which he subsequently amended in May 2018. The trial

1. Viewed in the light most favorable to the verdict, the record shows that Carpenter went to a vacant house on the afternoon of August 11, 2016 to smoke marijuana with his friends, Christian Hernandez and Tyler Wofford. After they smoked all of their marijuana, Carpenter suggested that they rob a drug dealer. He then produced three handguns from his bag, giving one to each of his friends and keeping the third for himself. Hernandez called Vasquez, and they made arrangements to meet at a nearby apartment complex on Lavista Road in DeKalb County, ostensibly so that they could purchase marijuana from Vasquez.

Vasquez's girlfriend drove him to the apartment complex. When they arrived, Carpenter and Hernandez got into the back seat of her car, where Carpenter sat behind the girlfriend, and Hernandez sat behind Vasquez. Wofford did not enter the car, but he stood nearby. The girlfriend saw Carpenter pull out a Raven .25-caliber handgun, and he fired two shots. Carpenter then exited the

court denied that motion in September 2018, and Carpenter filed a timely notice of appeal. The case was docketed in this Court for the term beginning in December 2018 and was argued on March 20, 2019.

car and ran back to the vacant house, accompanied by Hernandez and Wofford. Vasquez suffered gunshot wounds to his head and chest, and he subsequently died from his wounds.

Vasquez's girlfriend identified Hernandez, and Hernandez eventually agreed to cooperate with the prosecution and testified against Carpenter at trial. A forensic examination of the girlfriend's car led to the discovery of Carpenter's DNA in the back seat. Investigators also found a .25-caliber bullet on the driver's side of the back seat floorboard (where Carpenter had been seated), and they collected bullet fragments that were consistent with shots fired from a Raven .25-caliber.

Carpenter does not dispute that the evidence is legally sufficient to sustain his convictions. But consistent with our usual practice in murder cases, we have reviewed the record for ourselves to assess the sufficiency of the evidence. We conclude that the evidence presented at trial, when viewed in the light most favorable to the verdict, is sufficient to authorize a rational trier of fact to find Carpenter guilty of the crimes of which he was convicted. See

Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Carpenter claims that the trial court erred when it limited his cross-examination of Hernandez. In particular, Carpenter wanted to elicit testimony that, a few months before Vasquez was killed, Hernandez had threatened a man who caught Hernandez breaking into his property. The man tackled Hernandez, and after Hernandez was arrested, Hernandez told a detective that he was going to kill the man who tackled him and caused him to be arrested. According to Carpenter, this "other acts" evidence is admissible under OCGA § 24-4-404 (b) to show that Hernandez had a motive to kill Vasquez. The trial court, however, refused to allow Carpenter to elicit this evidence on cross-examination.[2] In doing so, the trial court did not abuse its discretion.

_____

[2] We note that Carpenter was permitted to elicit testimony on cross-examination that Hernandez had been caught "going into . . . multiple people's cars" and was on probation for "taking a bike from a house" in April 2016. Carpenter also was able to cross-examine Hernandez about his status as a probationer and his plea to reduced charges in this case.

Evidence that Hernandez threatened to kill a man certainly would tend to show that Hernandez has a general propensity to threaten others with violence, but that is not a permissible purpose for evidence offered under OCGA § 24-4-404 (b). As we have explained before, extrinsic evidence is admissible to show motive only when it is "logically relevant and necessary to prove something other than [a] propensity to commit the crime charged." Brooks v. State, 298 Ga. 722, 726 (2) (783 SE2d 895) (2016) (citation and punctuation omitted). Carpenter argues that the evidence at issue shows that Hernandez has not only a general propensity to threaten violence, but also a more particularized desire to seek violent retribution against someone who has caused him trouble. A major problem with this argument is the absence of any evidence that Vasquez was killed as retribution for anything. Indeed, Carpenter argued at trial not that Vasquez was killed by Hernandez as retribution for causing Hernandez trouble, but rather, that Vasquez was killed by someone who was motivated to kill "for no reason." Evidence that Hernandez had a desire to seek violent retribution

against another person on another occasion was not "logically relevant and necessary" to establish motive under OCGA § 24-4-404 (b), and the trial court did not abuse its discretion when it refused to allow Carpenter to elicit such evidence on cross-examination. Cf. State v. Jones, 297 Ga. 156, 158 (1) (773 SE2d 170) (2015).[3]

3. Carpenter also claims that the trial court erred when it charged the jury that "a conspiracy is an agreement between two or more persons to do an unlawful act, and . . . [w]hen persons associate themselves in an unlawful enterprise, any act done by any party to the conspiracy to further the unlawful enterprise is considered to be the act of all of the conspirators." Carpenter argues that this charge is misleading because the trial court failed to specify that the "unlawful enterprise" at issue was an "unlawful armed robbery."

---

[3] Carpenter also contends that the trial court erred when it allowed the prosecution to elicit testimony about the source of the handguns that Carpenter and his friends carried to the apartment complex, arguing that the presentation of this evidence violated a pretrial agreement that the prosecution would offer no such evidence. But we fail to find any such agreement in the record of the pretrial proceedings. The record does reveal a different agreement — that the prosecution would not present evidence about firearms found at the time Carpenter was arrested, since those firearms were "not connected to [this] case at all" — but that agreement is not implicated by the testimony about which Carpenter now complains.

Absent that specification, he says, the jury might have been misled to believe that it could find him guilty of murder simply because he had agreed to participate in an "unlawful enterprise" to purchase marijuana from Vasquez, even if the jury found that it was Hernandez who killed Vasquez, that Carpenter never agreed to participate in any enterprise other than to purchase marijuana, and that Hernandez shooting Vasquez was beyond the scope of the enterprise to purchase marijuana.

We conclude that the instruction about which Carpenter complains is not misleading. To begin, we have held before that "[i]t is not error to charge on the subject of conspiracy when the evidence tends to show a conspiracy, even if a conspiracy is not alleged in the indictment." Edge v. State, 275 Ga. 311, 313 (6) (567 SE2d 1) (2002) (citation and punctuation omitted). We also have held that, when a trial court is authorized to charge the jury on conspiracy "as a theory by which the jury could connect [the defendant] as a party to the crimes in question," the trial court properly may charge the jury in terms of an "unlawful enterprise" without specifying the object of

the enterprise. <u>Mister v. State</u>, 286 Ga. 303, 307-308 (5) (b) (687 SE2d 471) (2009). Moreover, when we are presented with a claim that a particular instruction is misleading, "[w]e do not evaluate jury charges in isolation, but rather consider them as a whole to determine whether there is a reasonable likelihood the jury improperly applied a challenged instruction." <u>Salahuddin v. State</u>, 277 Ga. 561, 564 (3) (592 SE2d 410) (2004).

Here, in addition to the instruction on conspiracy, the trial court charged the jury that the prosecution had the burden "to prove every material allegation of the indictment and every essential element of the crimes charged beyond a reasonable doubt," that the prosecution had to show that Carpenter committed each crime knowingly and intentionally, and that the jury was authorized to find Carpenter guilty of felony murder *only* if it found beyond a reasonable doubt that Vasquez was killed in connection with one of the predicate felonies alleged in the indictment — aggravated assault and attempted armed robbery. The trial court also charged the jury in connection with its instruction on conspiracy that a

conspirator is responsible for the acts of other parties to the conspiracy "only insofar as such acts are naturally and necessarily done to further the conspiracy."

We see no likelihood that the jury would have been misled by these instructions to believe that it could find Carpenter guilty of felony murder simply because it believed he was involved in an uncharged enterprise to purchase marijuana. To the contrary, we are satisfied that the jury charge as a whole adequately informed the jury that it could find Carpenter guilty of felony murder only if it found beyond a reasonable doubt that he was a party (as a conspirator or otherwise) to one of the felonies charged in the indictment as a predicate of felony murder. See Ware v. State, 305 Ga. 457 (2) (826 SE2d 56) (2019) (jury charges as a whole "adequately informed the jury that the defendant could only be found guilty of felony murder if the predicate felony was the proximate cause of the victim's death") (citation and punctuation omitted). The charge on conspiracy was not error.

Judgment affirmed. All the Justices concur.

Decided April 15, 2019 -- Reconsideration denied May 6, 2019.

Murder. DeKalb Superior Court. Before Judge Hunter.

Brian Steel; Garland, Samuel & Loeb, Donald F. Samuel, for appellant.

Sherry Boston, District Attorney, Peter K. Johnson, Emily K. Richardson, Anna G. Cross, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General, for appellee.