# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0052. JERRY J. LEE v. THE STATE.

In 2007, a jury found Jerry Lee guilty of aggravated sexual battery, and the trial court imposed a sentence of 20 years of confinement. This Court affirmed Lee's judgment of conviction in 2009. *Lee v. State*, 300 Ga. App. 214 (684 SE2d 348) (2009). In May 2024, Lee filed a motion to set aside his sentence as void because he was not sentenced to a split sentence for a sexual offense, as required by OCGA § 17-10-6.2. In July 2024, the trial court denied Lee's motion, and Lee filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.; see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from a trial court order disposing of a motion to modify a sentence filed

outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

In his motion for resentencing, Lee did not allege that the sentence imposed for his conviction falls outside the statutory range of punishment for aggravated sexual battery. See *von Thomas*, 293 Ga. at 572 (2). He therefore has not raised a colorable void-sentence claim, which deprives us of jurisdiction over this appeal. See *Frazier*, 302 Ga. App. at 346, 348-349.

For the above reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/12/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*